# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| VIRGINIA SCHABBING § <br> § <br> v. § <br> § <br> TEVA PHARMACEUTICALS USA, INC., § <br> *et al.* § <br> § § § § § | Civil Action No.  4:20-cv-761 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multi-District Litigation (Dkt. #7).  After reviewing the relevant pleadings and motion, the Court find the motion should be granted.

### BACKGROUND

On October 6, 2020, Virginia Schabbing ("Schabbing") sued Teva Pharmaceuticals USA, Inc., Teva Women's Health, Inc., Teva Women's Health, LLC, The Cooper Companies, Inc., and Coopersurgical, Inc.  On October 21, 2020, Schabbing filed her Motion to Stay (Dkt. #7) pending an ongoing motion filed with the Judicial Panel for Multidistrict Litigation ("JPML").  The JPML is currently considering a motion filed by Latiesha Traylor to consolidate 55 pending actions, including this matter, regarding use of the Paraguard Intrauterine Device ("Paraguard") (*See* Dkt. #7, Exhibit 2).

On November 13, 2020, Teva Women's Health, Inc. and Teva Women's Health, LLC ("Responding Defendants") responded with a two-paragraph argument (Dkt. #18).  Responding Defendants oppose the Motion simply because they oppose the JPML motion to consolidate.

**LEGAL STANDARD**

A court maintains the inherent power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  In determining whether to grant a stay, the Court "weighs competing interests and balances competing hardships." *Nguyen v. BP Expl. & Prod., Inc.*, No. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010).  Specifically, the Court considers: "(1) the potential prejudice to Plaintiffs from a brief stay; (2) the hardship to [the defendant] if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation if the [MDL] Panel grants [the defendant's] motion." *Id.*

**ANALYSIS**

Schabbing argues that each of the aforementioned factors weigh in favor of granting a stay. Responding Defendants oppose the Motion solely because they oppose the pending JPML motion to consolidate.  They do not engage with Schabbing's arguments and merely reiterate that they do not believe the cases should be consolidated based on common questions of fact or law.

The Court finds that a stay will not prejudice the parties and will promote judicial economy. Nationwide, there are 55 pending civil actions regarding injuries resulting from use of the Paragaurd in 29 judicial districts.  This is but one of them.  If the Court denies the stay and the Panel grants the motion to consolidate, the Court and the parties will have expended needless resources on pretrial matters.  If the Court grants the stay and the Panel denies the motion to consolidate, then the Court will lift the stay and the case will proceed as normal.  This matter is so new that some Defendants have not yet responded to Schabbing's Complaint.  A stay would allow Defendants to conserve resources if the matter is consolidated or, alternatively, have additional time to prepare a response to Schabbing's Complaint.  Neither Schabbing nor the Responding Defendants identify any risk of unfair prejudice.  The Court cannot, either.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multi-District Litigation (Dkt. #7) is hereby **GRANTED.**

**SIGNED this 17th day of December, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE